### SEARCY *versus* FEARN.

1. A, covenanted to pay B one thousand dollars, "in Huntsville or Tennessee bank notes, of good standing in *Huntsville*"—held, that in a suit to recover the said sum, evidence of the value of *Tennessee* notes in Tennessee, was inadmissible.

This action was brought in Madison county court, by Fearn, to recover one thousand dollars, covenanted to be paid in Huntsville or Tennessee bank notes of good standing in Huntsville. The plaintiff here, sought in the court below, to shew by testimony, the value of the notes of the Nashville bank; which testimony was rejected by the court as irrelevant; to this the plaintiff, Searcy, excepted, and prosecuted a writ of error to this court.

*Brandon*, for Plaintiff—*Hopkins, contra.*

LIPSCOMB, C. J.—This cause is brought up for revision, from the County court of Madison county. The action was founded on a covenant, made by the plaintiff in error, to the defendant in error, for the payment, "On or before the first day of January, 1828, one thousand dollars, payable in Huntsville or Tennessee bank notes, of good standing in Huntsville."

The plaintiff in error, on the trial in the court below, offered to prove, by the testimony of Wilkins Tannehill, cashier of the Nashville bank, the solvency of that bank in 1825 and 1826, and at the time when his testimony was taken; but this testimony was objected to, and the objection was sustained by the court.

From the terms of the contract, the notes in which payment was to be made, were to be of good standing in Huntsville, at the date of its maturity. The bank of Nashville may have been entirely solvent, and of good standing at home, but not so in Huntsville; and if so, its notes were not of the description of those, in which the payment was to be made. The credit and standing of the notes in Huntsville, is the standard by which they were to be tried; and it could not be material to prove, what their credit was in Nashville; and such testimony was properly rejected.

The next error assigned, arises out of the charge given by the judge. The jury were instructed "to return a verdict for the value of such Tennessee bank notes as were proven to be of good standing in Huntsville, at the date of the maturity of the covenant; or, for the value of Huntsville bank notes, if they believed, from the testimony, such notes were of good standing in Huntsville, at the maturity of the covenant. The counsel for the plaintiff in error, insists, that the court should have told the jury, that by *good standing in Huntsville,* the terms used in the covenant, they were to understand, notes on solvent banks. It is sufficient for this case, as it is presented to us by the record, to answer, that the judge was not requested to give the instruction, that in their finding, they must not be governed by the value of the notes of such banks, as circulated at par: in pursuing strictly the terms of the contract, he gave only a general charge, that was certainly true. If the plaintiff in error, had wished the court to charge the jury, on the true and legal construction of the term *good standing,* he should so have presented the

vol. 2.                    17

point; but this was not done, and there was no error in omitting it, unless requested.

The judgment must be affirmed.